THE STATE OF MONTANA EX REL LARRY LYNN BLAKNEY, RELATOR, *v.* THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT OF THE STATE OF MONTANA IN AND FOR THE COUNTY OF MISSOULA, AND THE HONORABLE JUDGE JOEL G. ROTH PRESIDING, RESPONDENT.

No. 13908.
Aug. 2, 1977.
566 P.2d 1128.

## ORDER

PER CURIAM:

IT IS ORDERED that the petition for writ of supervisory control or other appropriate writ is denied without prejudice.

The petitioner's right to a preemptory right for substitution of judge is available.

SHEA, Justice.

I would grant an adversary hearing on the petition to review the decision refusing to remove Judge Brownlee for cause. I recognize that petitioner has a right still remaining to peremptorily remove Judge Brownlee by filing a motion for substitution of judge. However, while it is exceedingly difficult to establish a challenge for cause, particularly when one district judge is ruling on another judge's qualifications to sit on a particular case, I believe the hearing record amply supports a finding that Judge Brownlee's animosity towards defense counsel would prevent him from giving the defendant a fair trial.

Events which have transpired since Judge Roth's ruling refusing the disqualification demonstrate that Judge Brownlee has no intention of being fair to defense counsel, and when a judge is not fair to defense counsel he is also not being fair to the client whom such counsel represents.

Another problem which this case represents is the strong likelihood that the county attorney in filing this case before Judge Brownlee, deliberately provoked the very problems that have come before us. There is no question that county attorneys effectively exercise peremptorily challenges to judges by a careful handling of the calendar, in effect preventing certain judges from sitting on the case. This Court should look into this entire problem and put it in a perspective so that the rights of both parties are balanced. At present the county attorney effectively controls much of the pre-

liminary maneuvering which can be so instrumental in determining whether justice is or will not be granted in a particular case. Defense counsel should not be at this disadvantage.